Mr. Justice Olin
delivered the opinion of the court:
At the last term of this court a motion was made by the plaiutiffs against the defendants, that the latter be ordered to pay back to the clerk of this court the sum of forty-seven thousand dollars, or thereabouts, which it was alleged had been illegally ordered to be paid over by the clerk to the defendant McDonald. That motion was fully argued by counsel for the respective parties, and upon full consideration of the case, an order was made to return that amount of money to the custody of the clerk of this court.
It is wholly unnecessary to inquire whether the order for the return of the money was rightfully or wrongfully made; it is sufficient to say that said order must be obeyed, unless .reversed or set aside by proceedings instituted for that purpose.
The defendants having failed to comply with that order, this motion is instituted for the purpose of proceeding against them for contempt.
An attempt was made to serve the same on McDonald, who, upon diligent inquiry, could not be found. Inquiry was made upon his solicitor and counsel, who seemed to be wholly unable to give any information upon the subject.
An attempt was then made to serve a copy of the moving *186 papers upon the solicitor and counsel of the defendants, but they declined to receive or admit service.
As a general rule, where it is sought to bring a party in contempt for disobedience to an order of the court, personal service of such motion should be made upon the party, instead of the solicitor or counsel; but if the party flees the jurisdiction of the court after he has contemned and disobeyed its orders, he cannot be permitted further to prosecute or defend his suit until he purges himself of his contempt. To hold otherwise would render the court more in contempt than he who contemns its authority.
Where the court cannot obtain by its process control of the person of the litigant, we know of no other way to secure obedience to its authority than by the manner of conducting the proceeding before the court; and in this light the order proposed seems eminently proper, and justified by numerous authorities not necessary here to be cited.